IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDDY JOSEPH JEROME , | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 06-CV-04635 |
| | : | |
| PHILADELPHIA PRISON | : | |
| SYSTEMS, et al., | : | |
| Defendants | : | |
| | : | |

STENGEL, J.                                                        January  2, 2008

M E M O R A N D U M

Eddy Joseph Jerome filed a *pro se* complaint against the City of Philadelphia,

Philadelphia Prison Systems,[1] and Prison Health Services, alleging a violation of his

constitutional rights pursuant to 42 U.S.C. § 1983.  I granted his motion to proceed *in

forma pauperis* pursuant to 28 U.S.C. § 1915(b).  The City filed an Answer to the

complaint with affirmative defenses.  Defendant Prison Health Services, Inc., filed a

motion to dismiss and/or for summary judgment, which remains uncontested.  Because I

considered matters outside of the complaint, I will treat the motion as one for summary

judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  For the following

reasons, I will grant the motion in its entirety.  In addition, for those same reasons, I will

---

[1]  Because it is not a separate legal entity and cannot be sued, I will dismiss the
Philadelphia Prison Systems as a defendant in this case.  See 53 P.S. § 16257.

dismiss Jerome's complaint against the City pursuant to 28 U.S.C. § 1915 (e)(2)(B).[2]

## I.   BACKGROUND

The complaint alleges that on December 29, 2005, while confined at the "House of

Corrections (PPS)," Jerome fell and injured his left lower leg.  He was sent to "medical"

after an accident report was filed by an officer at the prison.  The prison refused him

treatment until the following day when, at sick call, he was examined by a Physician's

Assistant and given Motrin for pain relief.  This treatment continued until February 6,

2006, when Jerome's left lower leg and left shoulder were x-rayed following continued

complaints of pain.  See Def. Ex. C.  The x-rays showed no evidence of fracture or other

acute bony abnormality or dislocation.  Id.  The prison continued administering Motrin

for pain relief, but refused examination by a specialist.  Jerome alleges that he continues

to suffer from pain, swelling and a loss of range of motion.  He seeks $500,000 in

damages for past, present, and future pain suffering, and for future medical treatment.

## II.   LEGAL STANDARD

Summary Judgment is appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with affidavits, if any, show that there is

no genuine issue as to any material fact and that the moving party is entitled to judgment

---

[2] 28 U.S.C. § 1915(e)(2)(B) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that – the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

as a matter of law."  Fed. R. Civ. P. 56(c).  An issue is "genuine" if the evidence is such

that a reasonable jury could return a verdict for the non-moving party.  Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A factual dispute is "material" if it might

affect the outcome of the case under governing law.  Id.

A party seeking summary judgment always bears the initial responsibility for

informing the court of the basis for its motion and identifying those portions of the record

that it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp.

v. Catrett, 477 U.S. 317, 322 (1986).  Where the non-moving party bears the burden of

proof on a particular issue at trial, the movant's initial Celotex burden can be met simply

by "pointing out to the district court that there is an absence of evidence to support the

non-moving party's case."  Id. at 325.  After the moving party has met its initial burden,

"the adverse party's response, by affidavits or otherwise as provided in this rule, must set

forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

That is, summary judgment is appropriate if the non-moving party fails to rebut by

making a factual showing "sufficient to establish the existence of an element essential to

that party's case, and on which that party will bear the burden of proof at trial."  Celotex

Corp. v. Catrett, 477 U.S. at 322.  Under Rule 56, the court must view the evidence

presented on the motion in the light most favorable to the opposing party.  Anderson v.

Liberty Lobby, Inc., 477 U.S. at 255.  The court must decide not whether the evidence

unmistakably favors one side or the other but whether a fair-minded jury could return a

verdict for the plaintiff on the evidence presented.  Id. at 252.  If the non-moving party

has exceeded the mere scintilla of evidence threshold and has offered a genuine issue of

material fact, then the court cannot credit the movant's version of events against the

opponent, even if the quantity of the movant's evidence far outweighs that of its

opponent.  Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363

(3d Cir. 1992).

## III.  DISCUSSION

Title 42 of the United States Code § 1983 provides remedies for deprivations of

rights established in the Constitution or federal laws.  It does not, by its own terms, create

substantive rights.  Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979).  Section 1983

provides, in part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges,
> or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in equity, or
> other proper proceeding for redress.

To state a § 1983 claim, a plaintiff must demonstrate that the defendant, acting

under color of state law,[3] deprived him of a right secured by the Constitution or the laws

---

[3]  It is undisputed that Defendant Prison Health Services, as a contractor of
Defendant City of Philadelphia, was acting under color of state law when it provided
medical services to Jerome.

of the United States.  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999);

Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995).

The Eighth Amendment prohibits the imposition of "unnecessary and wanton

infliction of pain contrary to contemporary standards of decency."  See Helling v.

McKinney, 509 U.S. 25, 32 (1993).  In Estelle v. Gamble, 429 U.S. 97 (1976), the

Supreme Court held that the Eighth Amendment's prohibition against cruel and unusual

punishment requires prison officials to provide basic medical treatment to those whom it

has incarcerated.  The Court articulated the standard to be used:

> In order to state a cognizable claim, a prisoner must allege
> acts or omissions sufficiently harmful to evidence deliberate
> indifference to serious medical needs.  It is only such
> indifference that can offend "evolving standards of decency"
> in violation of the Eighth Amendment.

Id. at 106.  Therefore, to succeed under these principles, a plaintiff must demonstrate (1)

that the defendant was deliberately indifferent to his medical needs, and (2) that those

needs were serious.  Id.

Claims of negligence or medical malpractice, without some more culpable state of

mind, do not constitute "deliberate indifference."  As the Estelle Court noted: "In the

medical context, an inadvertent failure to provide adequate medical care cannot be said to

constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the

conscience of mankind.'"  Id. at 105;  see also Durmer v. O'Carroll, 991 F.2d 64, 67 (3d

Cir. 1993) (the law is clear that simple medical malpractice is insufficient to present a

constitutional violation).  "Deliberate indifference," therefore, requires "obduracy and

wantonness,"  Whitley v. Albers, 475 U.S. 312, 319 (1986), which has been likened to

conduct that includes recklessness or a conscious disregard of a serious risk.  See Farmer

v. Brennan, 511 U.S. 825, 842 (1994) (it is enough that the official acted or failed to act

despite his knowledge of a substantial risk of serious harm).

Courts have found "deliberate indifference" in a variety of circumstances,

including where the prison official (1) knows of a prisoner's need for medical treatment

but intentionally refuses to provide it; (2) delays necessary medical treatment based on a

non-medical reason; or (3) prevents a prisoner from receiving needed or recommended

medical treatment.  See Rouse v. Plantier, 182 F.3d 192, 197-199 (3d Cir. 1999);

Durmer, 991 F.2d at 68 (citing Monmouth County Corr. Inst. Inmates v. Lanzaro, 834

F.2d 326, 346-47 (3d Cir. 1987)).

Here, Jerome provides no factual basis to support an allegation of deliberate

indifference on the part of either of the remaining defendants.  He concedes that he was

examined and received treatment for his injury.  His complaint alleges that he was seen by

a physician's assistant on the day following the accident[4] and was given Motrin

presumably for relief of pain and swelling.  When that treatment did not assuage his

symptoms after thirty-nine days, x-rays were taken which were negative for fractures or

---

[4] Prison Health Services' records show that Jerome fell during a basketball game. See Def. Ex. C.

other acute bony abnormalities or dislocation.  Jerome also concedes that he was

informed of the results of the x-rays.  The need to be examined by a specialist was thus

not warranted.

Jerome also failed to demonstrate the culpable state of mind required to constitute

deliberate indifference on the part of the defendants whose response to Jerome's injury

was far from wanton or reckless.  Thus, there being no genuine issue as to any material

fact, I will grant Defendant Prison Health Service's motion for summary judgment in its

entirety.[5]  In addition, because Jerome's claim has no merit in fact and law, and because

amending the complaint would be futile, I will dismiss the complaint with prejudice

against Defendant City of Philadelphia pursuant to 28 U.S.C. § 1915(e)(2)(B).  See

Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (dismissal of case

without leave to amend is proper when amendment would be futile or inequitable).

An appropriate Order follows.

---

[5]  It is worth noting that the defendants could also only have been successfully sued directly under § 1983 if Jerome had alleged an unconstitutional action which implemented or executed a policy statement or practice of the defendants.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-691 (1978).  They could not have been held liable under a § 1983 *respondeat superior* theory.  Id.  Jerome's complaint neither alleges nor provides facts to suggest that any policy or practice of the defendants supports his baseless allegations.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDDY JOSEPH JEROME ,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 06-CV-04635** |
| | : | |
| **PHILADELPHIA PRISON** | : | |
| **SYSTEMS, et al.,** | : | |
| **Defendants** | : | |
| | : | |

## O R D E R

**STENGEL, J.**

        **AND NOW**, this    2nd      day of January, 2008, upon consideration of Defendant

Prison Health Services' uncontested motion to dismiss and/or for summary judgment

(Document #12), it is hereby ORDERED that:

    1.    The motion is GRANTED in its entirety;

    2.    Judgment is entered in favor of Defendant Prison Health Services, and
          against the plaintiff;

    3.    Defendant Philadelphia Prison Systems is DISMISSED with prejudice;

    4.    The complaint against the City of Philadelphia is DISMISSED with
          prejudice *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B).

    The Clerk of Court shall marked this case closed for all purposes.

                                    BY THE COURT:


                                     /s/ Lawrence F. Stengel
                                    LAWRENCE F. STENGEL, J.